IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KARLA WOLFE<br>603 Seagaze Drive #892<br>Oceanside, CA 92054<br><br>and<br><br>ROBIN DAMER<br>929 Knox Road 2900 N<br>Oneida, IL 61467<br><br>and<br><br>NORMA JEAN DOBSON<br>4343 Lebanon Pike<br>Apt. T1712<br>Hermitage, TN 37076<br><br>and<br><br>ROBERT H. WECHTEL<br>113 Canterfield Road<br>Columbia, SC 29212<br><br>and<br><br>LAUREL YARDY<br>2380 Regency Park Drive<br>Deland, FL 32724<br><br>and<br><br>STEPHEN VAN SCIVER<br>181 25th Avenue N<br>Apt. 25<br>St. Petersburg, FL 33704<br><br>and<br><br>JUDITH GOODGAME<br>2118 Saint Ives Court<br>Clermont, FL 34711 | CASE NO.   2:21-cv-01640<br><br>JUDGE<br><br>COMPLAINT |

16381320 _1

and

HEIDI J. WOOTERS
9428 Calico Garden Ave.
Las Vegas, NV 89134

and

REBECCA J. JONES
12457 Country Meadows Drive
Parker, CO 80134

and

JULIE K. CRAWFORD
16186 Crestrock Court
Parker, CO 80134

and

DANIEL T. WILLS
11137 N. Cottontail Lane
Parker, CO 80134

and

CHRISTOPHER B. WILLS
5014 107th Place
Pleasant Prairie, WI 53158

and

ANTHONY J. WILLS
P.O. Box 20305
Colorado City, CO 81019

                                   Plaintiffs,

vs.

BOUNTY MINERALS LLC
c/o CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

and

2

16381320 _1

EAP OHIO, LLC
c/o CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

and

RJR RESOURCES, LLC
c/o Corporation Service Company
50 West Broad Street
Suite 1300
Columbus, OH 43215

and

WINDHAVEN INTERESTS, LLC
17950 Preston Road
Suite 1080
Dallas, TX 75252

and

BLACKHAWK MINERALS, LLC
17950 Preston Road
Suite 1080
Dallas, TX 75252

and

ASCENT RESOURCES – UTICA, LLC
c/o Capitol Corporate Services, Inc.
4568 Mayfield Road
Suite 204
Cleveland, OH 44121

and

CONSOL MINING COMPANY, LLC
c/o CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

and

16381320 _1

CNX GAS COMPANY, LLC
c/o CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

and

ASCENT UTICA MINERALS, LLC
c/o Capitol Corporate Services, Inc.
4568 Mayfield Road
Suite 204
Cleveland, OH 44121

                                        Defendants.

Plaintiffs Karla Wolfe, Robin Damer, Norma Jean Dobson, Robert H. Wechtel, Lauren Yardy, Stephen Van Sciver, and Judith Goodgame, by and through counsel, hereby state as follows for their Complaint:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Karla Wolfe is citizen of California.

2. Plaintiff Robin Damer is a citizen of Illinois.

3. Plaintiff Norma Jean Dobson is a citizen of Tennessee.

4. Plaintiff Robert H. Wechtel is a citizen of South Carolina.

5. Plaintiff Lauren Yardy is a citizen of Florida.

6. Plaintiff Stephen Van Sciver is a citizen of Florida.

7. Plaintiff Judith Goodgame is a citizen of Florida.

8. Plaintiff Heidi J. Wooters is a citizen of Nevada.

9. Plaintiff Rebecca J. Jones is a citizen of Colorado.

10. Plaintiff Julie K. Crawford is a citizen of Colorado.

11. Plaintiff Daniel T. Wills is a citizen of Colorado.

12. Plaintiff Christopher B. Wills is a citizen of Wisconsin.

16381320 _1

13. Plaintiff Anthony J. Wills is a citizen of Colorado.

14. Upon information and belief, Defendant Bounty Minerals LLC ("Bounty"), is a Texas limited liability company licensed to do business in Ohio.

15. Upon information and belief, Defendant EAP Ohio, LLC ("EAP") is a Delaware limited liability company licensed to do business in Ohio.

16. Upon information and belief, Defendant RJR Resources, LLC, is a Texas limited liability company licensed to do business in Ohio.

17. Upon information and belief, Defendant Windhaven Interests, LLC, is a Texas limited liability company not licensed to do business in Ohio.

18. Upon information and belief, Defendant Blackhawk Minerals, LLC, is a Texas limited liability company not licensed to do business in Ohio.

19. Defendants Bounty, EAP, RJR Resources, LLC, Windhaven Interests, LLC, and Blackhawk Minerals, LLC are collectively referred to herein as the "Coffelt Interest Defendants."

20. Upon information and belief, Defendant Ascent Resources – Utica, LLC ("Ascent"), is an Oklahoma limited liability company licensed to do business in Ohio.

21. Upon information and belief, Defendant Consol Mining Company, LLC ("Consol") is a Delaware limited liability company licensed to do business in Ohio.

22. Upon information and belief, Defendant CNX Gas Company, LLC ("CNX") is a Virginia limited liability company licensed to do business in Ohio.

23. Upon information and belief, Defendant Ascent Utica Minerals, LLC ("AUM") is an Oklahoma limited liability company licensed to do business in Ohio.

16381320_1

24. Defendants Consol, CNX, and AUM are collectively referred to herein as the "Consol Defendants."

25. The matter in controversy is between citizens of different states and exceeds Seventy-Five Thousand Dollars ($75,000.00) in value, exclusive of interest and costs. Therefore, this Court has jurisdiction under 28 § U.S.C. 1332(a)(1).

26. Venue in this District is appropriate under 28 U.S.C. §§1391(b)(2) because substantial part of the events or omissions giving rise to the claims occurred in this District and the property that is the subject of the action is situated in this District.

## THE PROPERTY

27. The property at issue consists of 243.15 total acres, more or less, located in Section 19 of Short Creek Township, Harrison County, Ohio, and is described as 163.15 acres in "TRACT ONE," currently assessed as Tax Parcel No. 26-0000167.000, and the 80-acre portion of "TRACT TWO" located in Section 19 and currently assessed as Tax Parcel No. 26-0000166.000 (collectively, the "Property"), in a Warranty Deed dated April 12, 1921 recorded June 26, 1924 in Harrison County Deed Records Volume 87, Page 515 ("Holmes Deed"). A true and accurate copy of the Holmes Deed is attached hereto as **Exhibit 1**.

## FACTUAL BACKGROUND REGARDING THE
## OIL AND GAS ESTATE IN THE PROPERTY

28. On April 12, 1921, Wesley A. Holmes and wife, Minnesota Holmes, conveyed the Property and other lands to Emerson W. Long, "SAVING AND EXCEPTING FROM TRACTS ONE AND TWO, the following: All the oil and gas in and under the above described tracts of land, with the right at all times for the party of the first part (W. A. Holmes) his heirs or assigns, to enter upon said premises for the purpose of drilling for oil, gas, water or other coals,

and with the right to lay pipe lines, erect power houses, tanks, machinery, etc. sueful [*sic*] and necessary in operating for oil and gas" ("Holmes Interest"), in the Holmes Deed. *See* Exhibit 1.

29.     On April 1, 1924, Emerson W. Long and wife, Alberta Birney Long, conveyed the Property and other lands to The Short Creek Coal Company, in a Warranty Deed recorded June 30, 1924 in Harrison County Deed Records Volume 87, Page 528 ("Long Deed"). The Long Deed contains a specific reference to the Holmes Interest. A true and accurate copy of the Long Deed is attached hereto as **Exhibit 2**.

30.     On July 8, 1930, W. Glover Porter as Special Master for the purposes of selling the Property and other lands under a decree in favor of The Guardian Trust Company, Trustee under the First Mortgage of The Short Creek Coal Company, conveyed the Property and other lands to The Harrison County Investment Company, in a Special Master's Deed recorded August 30, 1930 in Harrison County Deed Records Volume 93, Page 331 ("Special Master's Deed"). The Special Master's Deed contains a specific reference to the Holmes Interest. A true and accurate copy of the relevant pages of the Special Master's Deed is attached hereto as **Exhibit 3**.

31.     On July 29, 1940, The Harrison County Investment Company conveyed the Property and other lands to The National City Bank of Cleveland, as Trustee, in a Warranty Deed recorded October 1, 1940 in Harrison County Deed Records Volume 107, Page 307 ("HCIC Deed"). The HCIC Deed contains a specific reference to the Holmes Interest. A true and accurate copy of the relevant pages of the HCIC Deed is attached hereto as **Exhibit 4**.

32.     On January 22, 1945, The National City Bank of Cleveland, as Trustee, conveyed the Property and other lands to Hanna Coal Company, in a Special Warranty Deed recorded April 6, 1945 in Harrison County Deed Records Volume 116, Page 319 ("Bank Deed"). A true and accurate copy of the Bank Deed is attached hereto as **Exhibit 5**.

16381320 _1

33. The Hanna Coal Company changed its name to Hanna Lands Company, as evidenced by a Certificate of Amendment to Amended Articles of Incorporation of Hanna Coal Company, recorded July 19, 1946 in Harrison County Special Records Volume 11, Page 37. A true and accurate copy of the Certificate is attached hereto as **Exhibit 6**.

34. On June 6, 1946, Hanna Lands Company conveyed the Property and other lands to Pittsburgh Consolidation Coal Company, in a Deed recorded April 4, 1950 in Harrison County Deed Records Volume 127 A&B, Page 1 ("Hanna Lands Deed"). The Hanna Lands Deed contains a specific reference to the Holmes Interest. A true and accurate copy of the relevant pages of the Hanna Lands Deed is attached hereto as **Exhibit 7**.

35. By a Bill of Sale, dated February 8, 1952, and recorded February 25, 1952 in Harrison County Special Records Volume 11, Page 397, the names and locations of the heirs of Wesley A. Holmes and Minnesota Holmes were available of record in Harrison County: Edith Holmes and husband, Charles Holmes, of St. Petersburg, Florida; Alberta Wood and husband, Ralph M. Wood, of Galesburg, Illinois; and Mary Carle, of Akron, Ohio. A true and accurate copy of the Bill of Sale is attached hereto as **Exhibit 8**.

36. Pittsburgh Consolidation Coal Company changed its name to Consolidation Coal Company, as evidenced by a certification recorded July 14, 1958 in Harrison County Special Records Volume 12, Page 112. A true and accurate copy of the certification is attached hereto as **Exhibit 9**.

37. Dated effective September 15, 1966, Consolidation Coal Company conveyed the Property and other lands to Consolidation Coal Company, in a Deed recorded September 12, 1966 in Harrison County Deed Records Volume 157, Page 54 ("Consolidation Deed"). The Consolidation Deed incorporates by reference the description of the Property contained in the

Hanna Lands Deed, which contains a specific reference to the Holmes Interest. A true and accurate copy of the relevant pages of the Consolidation Deed is attached hereto as **Exhibit 10**.

38.　　On December 23, 1986, Consolidation Coal Company conveyed the Property and other lands to The Conservation Fund, in a Deed recorded March 5, 1987 in Harrison County Deed Records Volume 221, Page 536 ("Second Consolidation Deed"). A true and accurate copy of the relevant pages of the Second Consolidation Deed is attached hereto as **Exhibit 11**.

39.　　Consolidation Coal Company purported to except and reserve the oil and gas in the Property in the Second Consolidation Deed. The exception and reservation of oil and gas is a nullity because the oil and gas was owned of record by Wesley A. Holmes, his heirs and assigns, and was not subject to abandonment by the Ohio Dormant Mineral Act, R.C. 5301.56 ("DMA") or extinguishment by the Ohio Marketable Title Act R.C. 5301.47, *et seq.* ("MTA") by Consolidation Coal Company.

40.　　On January 25, 1989, Consolidation Coal Company purported to convey the oil and gas in the Property and other lands to The Conservation Fund, in a Limited Warranty Deed recorded March 2, 1989 in Harrison County Deed Records Volume 228, Page 337 ("Third Consolidation Deed"). A true and accurate copy of the relevant pages of the Third Consolidation Deed is attached hereto as **Exhibit 12**.

41.　　On September 8, 2009, The Conservation Fund conveyed the Property and other lands to James Coffelt, and purported to except and reserve the oil and gas therein, in a Limited Warranty Deed recorded September 24, 2009 in Harrison County Official Records Volume 181, Page 531 ("Conservation Deed"). A true and accurate copy of the relevant pages of the Conservation Deed is attached hereto as **Exhibit 13**.

42.     On May 12, 2011, James Coffelt filed an Affidavit of Abandonment for the Holmes Interest in Harrison County Official Records Book 188, Page 2880, against Wesley A. Holmes, Minnesota Holmes, Edith Holmes, Alberta Holmes Wood, and Mary Carle (the "Coffelt Abandonment"). A true and accurate copy of the Coffelt Abandonment is attached hereto as **Exhibit 14**.

43.     On February 7, 2014, James Coffelt filed a Notice of Failure to File for the Homes Interest in Harrison County Official Records Book 215, Page 2712. A true and accurate copy of the Notice of Failure to File is attached hereto as **Exhibit 15**.

44.     Upon information and belief, by mesne conveyances in the chain of title, The Conservation Fund purported to convey the all the oil and gas in the Property, which (void) interests became owned of record by RJR Resources, LLC, Windhaven Interests, LLC, Blackhawk Minerals, LLC, MC Mineral Company, LLC, and Chesapeake Exploration, LLC.

45.     Upon information and belief, on or about February 11, 2014, James Coffelt filed a complaint in the Harrison County Court of Common Pleas, being Case No. CVH-2014-0016, against RJR Resources, LLC, Windhaven Interests, LLC, Blackhawk Minerals, LLC, MC Mineral Company, LLC, and Chesapeake Exploration, LLC ("2014 Action").

46.     Upon information and belief, James Coffelt did not include Wesley A. Holmes, Minnesota Holmes, Edith Holmes, Alberta Wood, and Mary Carle, or their heirs and successors, as defendants in the 2014 Action.

47.     By Agreed Judgment Entry Quieting Title to Real Property and Dismissing All Claims, filed in the 2014 Action, the oil and gas in the Property was purportedly quieted in James Coffelt as against the named defendants in the 2014 Action ("Judgment Entry"), recorded

October 29, 2014 in Harrison County Official Records Book 234, Page 942. A true and accurate copy of the Judgment Entry is attached hereto as **Exhibit 16**.

48.      Because Wesley A. Holmes, Minnesota Holmes, Edith Holmes, Alberta Wood, Mary Carle, and Plaintiffs were not named as defendants in the 2014 Action, the Judgment Entry is not binding on Plaintiffs and has no effect on their ownership of the Holmes Interest.

## PURPORTED CONVEYANCES OF THE OIL AND GAS IN THE PROPERTY BY AND TO THE COFFELT INTEREST DEFENDANTS

49.      On October 27, 2015, James Coffelt purported to convey 50% of the oil and gas in the Property and other lands to MC Mineral Company, L.L.C., in a Mineral Deed recorded October 29, 2015 in Harrison County Official Records Book 234, Page 949. A true and accurate copy of the Mineral Deed is attached hereto as **Exhibit 17**.

50.      On October 30, 2015, MC Mineral Company, L.L.C. purported to convey a 1.25% non-participating royalty interest in the Property and other lands to RJR Resources, LLC (1.0%), Windhaven Interests, LLC (0.125%), and Blackhawk Minerals, LLC (0.125%), in a Non-Participating Royalty Interest Conveyance recorded January 26, 2016 in Harrison County Official Records Book 236, Page 1262. A true and accurate copy of the Non-Participating Royalty Interest Conveyance is attached hereto as **Exhibit 18**.

51.      On November 19, 2015, James Coffelt purported to convey the remaining 50% of the oil and gas in the Property and other lands to Bounty Minerals III Acquisitions LLC, in an Oil and Gas General Warranty Deed recorded January 5, 2016 in Harrison County Official Records Book 235, Page 2638. A true and accurate copy of the Oil and Gas General Warranty Deed is attached hereto as **Exhibit 19**.

11

52.     Bounty Minerals III Acquisitions LLC merged into Bounty, as evidenced by an Affidavit of Facts recorded March 23, 2017 in Harrison County Official Records Volume 246, Page 1123. A true and accurate copy of the Affidavit of Facts is attached hereto as **Exhibit 20**.

53.     On July 26, 2017, Bounty purported to lease a 50% oil and gas interest in the Property and other lands to Salt Fork Resources, LLC, and a Memorandum of Oil and Gas Lease was recorded October 10, 2017 in Harrison County Official Records Book 250, Page 2824 ("Bounty Lease"). A true and accurate copy of the Bounty Lease is attached hereto as **Exhibit 21**.

54.     On June 25, 2018, Salt Fork Resources, LLC purported to assign all its right, title and interest in the Bounty Lease and other leases to Salt Fork Resources Operating, LLC, in an Assignment of Oil and Gas Leases recorded June 29, 2018 in Harrison County Official Records Book 258, Page 520 ("Salt Fork Assignment"). A true and accurate copy of the Salt Fork Assignment is attached hereto as **Exhibit 22**.

55.     Salt Fork Resources Operating, LLC merged into Ascent, as evidenced by an Affidavit of Facts Relating to Title recorded September 12, 2018 in Harrison County Official Records Book 259, Page 2418. A true and accurate copy of the Affidavit of Facts Relating to Title is attached hereto as **Exhibit 23**.

56.     Effective January 1, 2018, MC Mineral Company, L.L.C., *et al.*, purported to convey all its interest in the minerals in the Property and other lands to EAP, in a Mineral Deed recorded December 21, 2018 in Harrison County Official Records Book 264, Page 2472. A true and accurate copy of the Mineral Deed is attached hereto as **Exhibit 24**.

57.     On July 1, 2020, EAP purported to lease the 50% oil and gas interest in a divided 163.15-acres portion of the Property to EAP, and a Memorandum of Oil and Gas Lease was

recorded August 7, 2020 in Harrison County Official Records Volume 271, Page 381 ("EAP Lease"). A true and accurate copy of the EAP Lease is attached hereto as **Exhibit 25**.

## PURPORTED CONVEYANCES OF THE OIL AND GAS IN THE PROPERTY BY AND TO THE CONSOL DEFENDANTS

58.     On July 31, 2011, Consolidation Coal Company purported to convey "all hydrocarbons" excluding coal in the Property and other lands to CNX, in a Mineral Interest Deed recorded October 14, 2011 in Harrison County Official Records Book 192, Page 757. A true and accurate copy of the relevant pages of the Mineral Interest Deed is attached hereto as **Exhibit 26**.

59.     On August 8, 2011, CNX purported to convey an undivided 50% of its oil and gas mineral fee interest, insofar as the Utica and Point Pleasant formations, in the Property and other lands to Hess Ohio Developments, LLC, in a Mineral Interest Deed recorded June 21, 2021 in Harrison County Official Records Book 199, Page 1. A true and accurate copy of the relevant pages of the Mineral Interest Deed is attached hereto as **Exhibit 27**.

60.     On November 25, 2016, Consolidation Coal Company purported to convey all right, title, and interest in the Property and other lands to Consol, in a Quitclaim Deed, Assignment and Bill of Sale recorded December 13, 2013 in Harrison County Official Records Book 214, Page 373. A true and accurate copy of the relevant pages of the Quitclaim Deed, Assignment and Bill of Sale is attached hereto as **Exhibit 28**.

61.     On December 9, 2015, Hess Ohio Developments, LLC purported to convey all its right, title and interest in the oil and gas mineral fee interests in the Property and other lands to CNX, in a Quit Claim Deed recorded March 7, 2016 in Harrison County Official Records Book 238, Page 270. A true and accurate copy of the relevant pages of the Quit Claim Deed is attached hereto as **Exhibit 29**.

16381320 _1

62.     On April 1, 2018, CNX purported to convey all its oil and gas mineral fee interests, insofar as from 100 feet above the top of the Utica through to the stratigraphic equivalent of the top of the Trenton Limestone, in the Property and other lands, to AUM in a Mineral Interest Deed recorded October 16, 2018 in Harrison County Official Records Book 262, Page 1. A true and accurate copy of the relevant pages of the Mineral Interest Deed is attached hereto as **Exhibit 30**.

## OWNERSHIP OF THE HOLMES INTEREST

63.     Upon information and belief, Minnesota Holmes died on or about September 19, 1949, survived by her husband, Wesley A. Holmes, and their three children, Edith Holmes, Alberta Wood, and Mary Carle.

64.     Upon information and belief, Wesley A. Holmes died on or about March 22, 1951, survived by his three children, Edith Holmes, Alberta Wood, and Mary Carle.

65.     By the Bill of Sale, recorded February 25, 1952, the names and locations of the heirs of Wesley A. Holmes and Minnesota Holmes were of record in Harrison County: Edith Holmes and husband, Charles Holmes, of St. Petersburg Florida, Alberta Wood and husband, Ralph M. Wood, of Galesburg, Illinois, and Mary Carle, of Akron, Ohio. *See* Exhibit 8.

66.     Alberta G. Wood died on or about May 15, 1953 in Galesburg, Knox County, Illinois and her Estate was filed in Knox County, Illinois Probate Court. The Last Will and Testament of Alberta G. Wood devised the residue of her estate, including her one-third interest in the Holmes Interest, to her husband, Ralph M. Wood. A true and accurate copy of the Last Will and Testament of Alberta G. Wood is attached hereto as **Exhibit 31**.

67.     Ralph M. Wood died on November 15, 1957 in Knox County, Illinois and his Estate was filed in Knox County, Illinois Probate Court. The Last Will and Testament of Ralph

M. Wood devised the residue of his estate, including his one-third interest in the Holmes Interest, to his daughter, Jeanne Wood Masters. True and accurate copies of the Last Will and Testament of Ralph M. Wood and Decree Establishing Heirship are attached hereto as **Exhibit 32**.

68.     E. Jeanne Masters died on February 15, 2012 in Knox County, Illinois and her Estate was filed in Knox County, Illinois Probate Court Estate No. 2016-P-182. The Last Will and Testament of E. Jeanne Masters devised the residue of her estate, including her one-third interest in the Holmes Interest, to her daughter, Plaintiff Robin Damer. True and accurate copies of the Last Will and Testament of E. Jeanne Masters and Order Declaring Heirship are attached hereto as **Exhibit 33**.

69.     By Certificate of Transfer, filed in Harrison County Probate Court, Case No. 20171034, and recorded August 3, 2017 in Harrison County Official Records Book 249, Page 629, the Estate of E. Jeanne Masters, Deceased, conveyed all the minerals, including oil and gas, in the Property and other lands owned by E. Jeanne Masters at her death to Plaintiff Robin Damer. A true and accurate copy of the Certificate of Transfer is attached hereto as **Exhibit 34**.

70.     Mary I. Carle died August 11, 1966 in Akron, Summit County, Ohio and her Estate was filed in Summit County Probate Court No. 97325. The Last Will and Testament of Mary I. Carle devised the residue of her estate, including her one-third interest in the Holmes Interest, to her daughter, Barbara Carle Wolfe. True and accurate copies of the Application for Probate of Will and Last Will and Testament of Mary I. Carle are attached hereto as **Exhibit 35**.

71.     On January 24, 2017, Barbara Wolfe Adams conveyed all her interest in the minerals, oil, and gas in the Property and other lands to Plaintiff Karla Ann Wolfe, in a Quitclaim Deed recorded May 4, 2017 in Harrison County Official Records Book 247, Page 1236. A true and accurate copy of the Quitclaim Deed is attached hereto as **Exhibit 36**.

72.     Edith Holmes Holmes died August 25, 1970 in St. Petersburg, Pinellas County, Florida and her Estate was filed in Pinellas County, Florida Probate Court No. 63479. The Last Will and Testament of Edith Holmes Holmes devised the residue of her estate, including her one-third interest in the Holmes Interest, in two equal shares to (1) Gertrude H. Wechtel and her husband, Robert N. Wechtel, and (2) George L. Van Sciver. True and accurate copies of the Order Admitting to Probate and Record and Last Will and Testament of Edith Holmes Holmes are attached hereto as **Exhibit 37**.

73.     George L. Van Sciver died November 29, 1986 survived by his wife, Norma Van Sciver, and children, Plaintiff Stephen Van Sciver, Plaintiff Laurel Yardy, Sharon Wills, and Plaintiff Judith Goodgame. A true and accurate copy of the Obituary for George L. Van Sciver is attached hereto as **Exhibit 38**.

74.     Norma H. Van Sciver died July 14, 1997 survived by her children, Plaintiff Stephen Van Sciver, Plaintiff Laurel Yardy, Sharon Wills, and Plaintiff Judith Goodgame. A true and accurate copy of the Obituary for Norma H. Van Sciver is attached hereto as **Exhibit 39**.

75.     Sharon Wills died March 5, 2019 survived by her husband, Larry Wills, and her children, Plaintiffs Heidi J. Wooters, Rebecca J. Jones, Julie K. Crawford, Daniel T. Wills, Christopher B. Wills, and Anthony J. Wills. A true and accurate copy of the Obituary for Sharon Wills is attached hereto as **Exhibit 40**.

76.     Larry Wills died November 7, 2019 survived by his children, Plaintiffs Heidi J. Wooters, Rebecca J. Jones, Julie K. Crawford, Daniel T. Wills, Christopher B. Wills, and Anthony J. Wills. A true and accurate copy of the Obituary for Larry Wills is attached hereto as **Exhibit 41**.

77.     Robert N. Wechtel died September 5, 2000 survived by his wife, Gertrude Wechtel, and two children, Plaintiffs Norma Jean Dobson and Robert H. Wechtel. A true and accurate copy of the Obituary for Robert N. Wechtel is attached hereto as **Exhibit 42**.

78.     Gertrude H. Wechtel died March 1, 2007 survived by her children, Plaintiffs Norma Jean Dobson and Robert H. Wechtel. A true and accurate copy of the Obituary for Gertrude H. Wechtel is attached hereto as **Exhibit 43**.

## THE LEGALLY INSUFFICIENT AFFIDAVIT OF ABANDONMENT
## AND THE AFFIDAVITS OF PRESERVATION OF THE HOLMES INTEREST

79.     By the Bill of Sale, recorded February 25, 1952, almost sixty years before James Coffelt instituted abandonment proceedings on the Holmes Interest, the names and locations of the heirs of Wesley A. Holmes and Minnesota Holmes were of record in Harrison County: Edith Holmes and husband, Charles Holmes, lived in St. Petersburg Florida, Alberta Wood and husband, Ralph M. Wood, lived in Galesburg, Illinois, and Mary Carle, lived in Akron, Ohio. *See* Exhibit 8.

80.     On March 19, 2011, James Coffelt published notice in the Harrison News Herald to Wesley A. Holmes, Minnesota Holmes, Edith Holmes, Alberta Holmes Wood, and Mary Carle of his intent to abandon the Holmes Interest. *See* Exhibit 14.

81.     Plaintiffs and their predecessors did not receive notice of James Coffelt's intent to declare the Holmes Interest abandoned by the above-described publication.

82.     A reasonably diligent search of the public records of Harrison County, Ohio would have revealed the Bill of Sale, which disclosed the location of Edith Holmes, Alberta Holmes Wood, and Mary Carle, who James Coffelt knew were the heirs of Wesley A. Holmes and Minnesota Holmes. *See* Exhibits 8 and 14.

83. Upon information and belief, James Coffelt did not search the public records of Harrison County for Alberta G. Wood, Mary I. Carle, or Edith Holmes, nor did he search the public records of Knox County (Galesburg), Illinois for Alberta G. Wood, Summit County (Akron), Ohio for Mary I. Carle, or Pinellas County (St. Petersburg), Florida for Edith Holmes before serving notice of his intent to abandon the Holmes Interest by publication.

84. A search of these Counties and States would have revealed the then-current holders of the Holmes Interest. *See* Paragraphs 65 – 78, *supra*.

85. Therefore, James Coffelt failed to use reasonable diligence in his search to locate the holders of the Holmes Interest before publishing notice of his intent to abandon the Holmes Interest.

86. James Coffelt failed to serve notice of his intent to declare the Holmes Interest abandoned upon the holders of the Holmes Interest via certified mail as required by R.C. 5301.56(E)(1).

87. Therefore, James Coffelt failed to comply with the mandatory notice provisions of R.C. 5301.56(E)(1).

88. On May 12, 2011, James Coffelt filed the Coffelt Abandonment against Wesley A. Holmes, Minnesota Holmes, Edith Holmes, Alberta Holmes Wood, and Mary Carle. *See* Exhibit 14.

89. On February 7, 2014, James Coffelt filed a Notice of Failure to File for the Homes Interest. A true and accurate copy of the Notice of Failure to File is attached hereto as **Exhibit 44**.

90. Because James Coffelt failed to comply with the mandatory notice provisions of R.C. 5301.56(E)(1), James Coffelt failed to abandon the Holmes Interest, the Holmes Interest never vested in James Coffelt, and remains vested in Plaintiffs.

91. Therefore, the purported conveyances by James Coffelt of the oil and gas in the Property to the Coffelt Interest Defendants, and the Coffelt Interest Defendants' purported conveyances of the oil and gas in the Property, are null and void and did not transfer, convey, or lease any interest in the oil and gas estate in the Property. *See* Paragraphs 49 – 57, *supra*.

92. Plaintiff Robin Damer filed three affidavits of preservation for the Holmes Interest in the Property, recorded May 29, 2013 in Harrison County Official Records Book 208, Page 457, September 17, 2013 in Harrison County Official Records Book 211, Page 1898, and March 6, 2014 in Harrison County Official Records Book 217, Page 180 (collectively, "Damer Preservations"), filed in accordance with R.C. 5301.56(C). True and accurate copies of the Damer Preservations are attached hereto as **Exhibit 45**.

93. Barbara Wolfe Adams, Plaintiff Karla Wolfe's predecessor in interest, filed two affidavits of preservation for the Holmes Interest in the Property, recorded September 17, 2013 in Harrison County Official Records Book 211, Page 1895 and March 6, 2014 in Harrison County Official Records Book 217, Page 177 (collectively, "Wolfe Preservations"), filed in accordance with R.C. 5301.56(C). True and accurate copies of the Wolfe Preservations are attached hereto as **Exhibit 46**.

94. Plaintiff Robert H. Wechtel filed an affidavit of preservation for the Holmes Interest in the Property, recorded March 18, 2021 in Harrison County Official Records Volume 274, Page 5 ("Wechtel Preservation"), filed in accordance with R.C. 5301.56(C). A true and accurate copy of the Wechtel Preservation is attached hereto as **Exhibit 47**.

95. Plaintiff Rebecca J. Jones filed an affidavit of preservation for the Holmes Interest in the Property, recorded April 5, 2021 in Harrison County Official Records Volume 274, Page 980 ("Jones Preservation"), filed in accordance with R.C. 5301.56(C). A true and accurate copy of the Jones Preservation is attached hereto as **Exhibit 48**.

96. Therefore, pursuant to R.C. 5301.56(C), the Damer Preservations, Wolfe Preservations, Wechtel Preservation, Jones Preservation precluded the Holmes Interest from being abandoned and preserved the ownership of the Holmes Interest in Plaintiffs.

## OIL AND GAS LEASES COVERING THE PROPERTY

97. On October 2, 2017, Plaintiff Robin Damer and husband, Richard Damer, as Lessors, leased a divided portion of the Property and other lands to Salt Fork Resources Operating, LLC, as Lessees, in an Oil and Gas Lease, and a Memorandum of Lease was recorded January 26, 2018 in Harrison County Official Records Book 253, Page 2812 ("Damer Lease"). A true and accurate copy of the Damer Lease are attached hereto as **Exhibit 49**.

98. The Damer Lease did not cover the 80-acre portion of the Property described as Tax Parcel No. 26-0000166.000, and has expired as to the 163.15-acre portion of the Property described as Tax Parcel No. 26-0000167.000 because Plaintiff Robin Damer was never paid the bonus owned on this acreage.

99. Therefore, Plaintiff Robin Damer's interest in the Property is unleased.

100. On October 4, 2017, Plaintiff Karla Wolfe, as Lessor, leased a divided portion of the Property and other lands to Salt Fork Resources Operating, LLC, as Lessee, in an Oil and Gas Lease, and a Memorandum of Lease was recorded January 26, 2018 in Harrison County Official Records Book 253, Page 2818 ("Wolfe Lease"). A true and accurate copy of the Wolfe Lease are attached hereto as **Exhibit 50**.

101.     The Wolfe Lease did not cover the 80-acre portion of the Property described as Tax Parcel No. 26-0000166.000, and has expired as to the 163.15-acre portion of the Property described as Tax Parcel No. 26-0000167.000 because Plaintiff Karla Wolfe was never paid the bonus owned on this acreage.

102.     Therefore, Plaintiff Karla Wolfe's interest in the Property is unleased.

103.     Plaintiffs Norma Jean Dobson, Robert H. Wechtel, Lauren Yardy, Stephen Van Sciver, Judith Goodgame, Heidi J. Wooters, Rebecca J. Jones, Julie K. Crawford, Daniel T. Wills, Christopher B. Wills, and Anthony J. Wills' interests in the Property are unleased.

104.     Bounty purported to lease 50% of the oil and gas in the Property to Salt Fork Resources, LLC (now Ascent) in the Bounty Lease. *See* Exhibit 20.

105.     Bounty does not own any portion of the oil and gas in the Property, and therefore, the Bounty Lease is null and void.

106.     EAP purported to lease the 50% oil and gas in a divided 163.15-acres portion of the Property to EAP in the EAP Lease. *See* Exhibit 24.

107.     EAP does not own any portion of the oil and gas in the Property, and therefore, the EAP Lease is null and void.

108.     On October 14, 2020, Ascent recorded the Declaration of Statutory Unitization for the Cravat Coal NE SHC HR Unit ("Cravat Unit") in Harrison County Official Records Volume 271, Page 4669. A true and accurate copy of the Declaration of Statutory Unitization is attached hereto as **Exhibit 51**.

109.     On November 4, 2020, Ascent recorded the Declaration and Notice of Pooled Unit for the Cravat Unit in Harrison County Official Records Volume 271, Page 5819. A true and accurate copy of the Declaration and Notice of Pooled Unit is attached hereto as **Exhibit 52**.

110.    On December 11, 2020, Ascent recorded the Declaration and Notice of Pooled Unit for the Cravat Unit in Harrison County Official Records Volume 273, Page 535. A true and accurate copy of the Declaration and Notice of Pooled Unit is attached hereto as **Exhibit 53**.

111.    Ascent purported to pool a 1.182-acres portion of the Property, Bounty Lease, and EAP Lease into the Cravat Unit.

112.    Because the Bounty Lease and EAP Lease are null and void and do not encumber any portion of the oil and gas estate in the Property, Ascent may not produce oil and gas from the Property by the wells to be drilled in the Cravat Unit.

<u>**COUNT I**</u>
**(Declaratory Judgment – Ohio Dormant Mineral Act)**

113.    Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

114.    This claim is brought under Federal Civil Rule 57 and 28 U.S. Code § 2201.

115.    This claim is brought under Ohio Revised Code § 5301.56.

116.    Plaintiffs are entitled to a declaration regarding the matters set forth below to resolve an actual controversy among the parties hereto relative to the Holmes Interest.

117.    On March 19, 2011, James Coffelt published notice in the Harrison News Herald to Wesley A. Holmes, Minnesota Holmes, Edith Holmes, Alberta Holmes Wood, and Mary Carle of his intent to abandon the Holmes Interest. *See* Exhibit 14.

118.    Plaintiffs and their predecessors did not receive notice of James Coffelt's intent to declare the Holmes Interest abandoned by the above-described publication.

119.    A reasonably diligent search of the public records of Harrison County, Ohio would have revealed the Bill of Sale, which disclosed the locations of Edith Holmes, Alberta

Holmes Wood, and Mary Carle, who James Coffelt knew were the heirs of Wesley A. Holmes and Minnesota Holmes. *See* Exhibits 8 and 14.

120.    Upon information and belief, James Coffelt did not conduct a reasonably diligent search for the holders of the Holmes Interest.

121.    Therefore, because James Coffelt failed to use reasonable diligence in the search to locate the holders of the Holmes Interest before publishing notice of his intent to abandon the Holmes Interest, James Coffelt failed to comply with the mandatory notice provisions of R.C. 5301.56(E)(1) and was not entitled to serve notice by publication.

122.    On May 12, 2011, James Coffelt filed the Coffelt Abandonment. *See* Exhibit 14.

123.    On February 7, 2014, James Coffelt filed a Notice of Failure to File for the Homes Interest. *See* Exhibit 15.

124.    Because James Coffelt failed to comply with the mandatory notice provisions of R.C. 5301.56(E)(1), James Coffelt failed to abandon the Holmes Interest, the Holmes Interest never vested in James Coffelt, and remains vested in Plaintiffs.

125.    Therefore, the conveyances by James Coffelt, and his successors, of the oil and gas in the Property to the Coffelt Interest Defendants, and the Coffelt Interest Defendants' purported conveyances of the oil and gas in the Property, are null and void and did not transfer, convey, or lease any interest in the oil and gas estate in the Property. *See* Exhibits 16 – 24.

126.    Plaintiff Robin Damer filed the Damer Preservations in accordance with R.C. 5301.56(C). *See* Exhibit 38.

127.    Barbara Wolfe Adams, Plaintiff Karla Wolfe's predecessor, filed the Wolfe Preservations in accordance with R.C. 5301.56(C). *See* Exhibit 39.

128.    Plaintiff Robert H. Wechtel filed the Wechtel Preservation in accordance with R.C. 5301.56(C). *See* Exhibit 47.

129.    Plaintiff Rebecca J. Jones filed the Jones Preservation in accordance with R.C. 5301.56(C). *See* Exhibit 48.

130.    Plaintiffs are entitled to a judicial declaration that (1) James Coffelt did not use reasonable diligence in his attempt to locate the holders of the Holmes Interest and failed to serve the holders of the Holmes Interest via certified mail before publishing notice of his intent to abandon the Holmes Interest; (2) the Coffelt Abandonment was legally insufficient to abandon the Holmes Interest in the Property and is null and void; and (3) the Damer Preservations, Wolfe Preservations, Wechtel Preservation, and Jones Preservation precluded the Holmes Interest from being abandoned and preserved the ownership of the Holmes Interest in Plaintiffs.

<u>**COUNT II**</u>
**(Declaratory Judgment – Ohio Marketable Title Act)**

131.    Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

132.    This claim is brought under Federal Civil Rule 57 and 28 U.S. Code § 2201.

133.    This claim is brought under Ohio Revised Code § 5301.47, *et seq*.

134.    Plaintiffs are entitled to a declaration regarding the matters set forth below to resolve an actual controversy among the parties hereto relative to the Holmes Interest.

135.    Under the MTA, a "root of title" is "that conveyance or other title transaction in the chain of title of a person, purporting to create the interest claimed by such person, upon which he relies as a basis for the marketability of his title, and which was the most recent to be recorded as of a date forty years prior to the time when marketability is being determined." R.C. 5301.47(E).

136. Marketability is being determined in this case on the date the Complaint is filed.

137. The deed recorded most recent and prior to 1981 (40 years before 2021) "purporting to create the interest claimed by" Defendants, being the Holmes Interest in the Property, is the Hanna Lands Deed recorded on April 4, 1950, which contains a description of the Property. *See* Exhibit 7.

138. Therefore, the Hanna Lands Deed is the Root of Title in this case.

139. The Hanna Lands Deed contains a specific reference to the Holmes Interest, and therefore, the Holmes Interest is preserved from extinguishment by the MTA.

140. The Consolidation Deed, recorded September 12, 1966, is not the root of title to the Holmes Interest in the Property because it does not contain a description of the Property, and therefore, does not "purport[] to create the interest claimed by" Defendants, being the Holmes Interest in the Property. *See* Exhibit 10.

141. Alternatively, the Consolidation Deed incorporates by reference the description of the Property contained in the Hanna Lands Deed, which contains a specific reference to the Holmes Interest. *See* Exhibit 10.

142. Therefore, if the Consolidation Deed is determined to be the root of title, the Consolidation Deed contains a specific reference to the Holmes Interest, and therefore, the Holmes Interest is preserved from extinguishment by the MTA.

143. Plaintiffs are entitled to a judicial declaration that the root of title contains a specific reference to the Holmes Interest in the Property, and therefore, the Holmes Interest is preserved from extinguishment by the MTA.

## COUNT III
### (Quiet Title – Holmes Interest)

144. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

145. Defendants may claim an interest in the Holmes Interest under the DMA and/or MTA which is adverse to Plaintiffs' interest in the Holmes Interest.

146. Upon the filing of the Damer Preservations, Wolfe Preservations, Wechtel Preservation, and Jones Preservation the Holmes Interest was precluded from being abandoned under the DMA and was preserved to and owned by the Plaintiffs, free and clear of any claims of the Defendants.

147. The Holmes Interest is not subject to being extinguished by the MTA.

148. Plaintiffs are entitled to have the Holmes Interest in the Property quieted in their names and against any claims of Defendants, their successors and assigns.

## COUNT IV
### (Declaratory Judgment – Oil and Gas Leases)

149. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

150. This claim is brought under Federal Civil Rule 57 and 28 U.S. Code § 2201.

151. Plaintiffs are entitled to a declaration regarding the matters set forth below to resolve an actual controversy among the parties hereto relative to the Bounty Lease and EAP Lease.

152. Plaintiffs are the true and lawful owners of the Holmes Interest in and underlying the Property.

153.    Bounty does not own any interest in the oil and gas estate in the Property, and therefore, the Bounty Lease is null and void.

154.    EAP does not own any interest in the oil and gas estate in the Property, and therefore, the EAP Lease is null and void.

155.    Because the Bounty Lease and EAP Lease are null and void and do not encumber any portion of the oil and gas estate in the Property, Ascent may not produce oil and gas from the Property by the wells to be drilled in the Cravat Unit.

156.    Plaintiffs are entitled to a judicial declaration that the Bounty Lease and EAP Lease are null and void, insofar as they purport to encumber Property.

## COUNT V
### (Quiet Title – Oil and Gas Leases)

157.    Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

158.    Ascent, Bounty, and EAP may claim an interest in the oil and gas in and underlying the Property, along with the appurtenant drilling and operating rights, which is adverse to Plaintiffs' interest in the Holmes Interest.

159.    Plaintiffs are entitled to have their rights to the Holmes Interest, along with the appurtenant drilling and operating rights, quieted as to any claim of Ascent, Bounty, and EAP, insofar as any claim arising under the Bounty Lease and EAP Lease, and insofar as they purport to encumber Property.

## COUNT VI
### (Declaratory Judgment – Consol Defendants)

160.    Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

161. This claim is brought under Federal Civil Rule 57 and 28 U.S. Code § 2201.

162. Plaintiffs are entitled to a declaration regarding the matters set forth below to resolve an actual controversy among the parties hereto relative to the Consol Defendants' claim to own the oil and gas in and underlying the Property.

163. Plaintiffs are the true and lawful owners of the Holmes Interest in and underlying the Property.

164. The deeds from and to the Consol Defendants, attached hereto as Exhibits 26 through 30, did not convey any portion of the oil and gas in the Property to the Consol Defendants.

165. The Consol Defendants do not own any interest in the oil and gas estate in the Property.

166. Therefore, Plaintiffs are entitled to a judicial declaration that the Consol Defendants do not own any interest in the oil and gas in and underlying the Property.

## COUNT VII
### (Quiet Title – Consol Defendants)

167. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

168. The Consol Defendants may claim an interest in the oil and gas estate in the Property which is adverse to Plaintiffs' interest in the Holmes Interest.

169. The deeds from and to the Consol Defendants, attached hereto as Exhibits 26 through 30, did not convey any portion of the oil and gas in the Property to the Consol Defendants.

170. The Consol Defendants do not own any interest in the oil and gas estate in the Property.

28

16381320 _1

171.    Therefore, Plaintiffs are entitled to have the Holmes Interest in the Property quieted in their names and against any claims of the Consol Defendants, their successors and assigns.

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor against the Defendants as follows:

(a)    With respect to Count I, a judicial declaration that: (1) James Coffelt did not use reasonable diligence in his attempt to locate the holders of the Holmes Interest and failed to serve the holders of the Holmes Interest via certified mail before publishing notice of his intent to abandon the Holmes Interest; (2) the Coffelt Abandonment was legally insufficient to abandon the Holmes Interest in the Property and is null and void; and (3) the Damer Preservations, Wolfe Preservations, Wechtel Preservation, and Jones Preservation precluded the Holmes Interest from being abandoned and preserved the ownership of the Holmes Interest in Plaintiffs;

(b)    With respect to Count II, a judicial declaration that: the root of title contains a specific reference to the Holmes Interest in the Property, and therefore, the Holmes Interest is preserved from extinguishment by the MTA;

(c)    With respect to Count III, an order quieting title to the Holmes Interest in the Property in the names of the Plaintiffs and against any claims of Defendants, their successors and assigns;

(d)    With respect to Count IV, judicial declaration that: the Bounty Lease and EAP Lease are null and void, insofar as they purport to encumber the Property;

(e)    With respect to Count V, an order quieting Plaintiffs' title to the Holmes Interest, along with the appurtenant drilling and operating rights, as against all claims of Ascent, Bounty, and EAP, insofar as any claim arising under the Bounty Lease and EAP Lease, and

insofar as the Leases purport to encumber Property;

(f)     With respect to Count VI, a judicial declaration that: the Consol Defendants do not own any interest in the oil and gas in and underlying the Property; and

(g)     With respect to County VII, an order quieting title to the Holmes Interest in the Property quieted in the names of the Plaintiffs and against any claims of the Consol Defendants, their successors and assigns.

(h)     On all Counts, for such other and further relief to which Plaintiffs may be entitled, in law or equity, including but not limited to their reasonable attorneys' fees and court costs incurred herein.

Respectfully submitted,

/s/ David J. Wigham
David J. Wigham (0059672)
dwigham@ralaw.com
Roetzel & Andress, LPA
222 South Main Street, Suite 400
Akron, OH  44308
Telephone:  330.376.2700

Sara E. Fanning (0085160)
sfanning@ralaw.com
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, OH  43215
Telephone:  614.463.9770

*Attorneys for Plaintiffs*

16381320 _1